IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-cv-03040- KMT

KELLY ROE,

Plaintiff,

v.

AEGIS WHOLESALE CORPORATION,
AEGIS MORTGAGE CORPORATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
CHASE BANK USA, N.A.
JPMORGAN CHASE BANK, N.A.,
FEDERAL HOME LOAN MORTGAGE CORPORATION, and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST
IN THE SUBJECT MATTER OF THIS ACTION

Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Kelly Roe ("Plaintiff") has filed this lawsuit (the "Litigation") against Defendants Aegis Wholesale Corporation, Aegis Mortgage Corporation, Mortgage Electronic Registration Systems, Inc., Chase Bank USA, N.A., JPMorgan Chase Bank, N.A., and Federal Home Loan Mortgage Corporation (collectively, the "Defendants"). In connection with the Litigation, Plaintiff may seek discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information and Defendants may seek discovery or testimony regarding the personal identifying information and personal

121946.2

financial information of Plaintiff (herein after collectively referred to as the "Confidential Information").  All Confidential Information shall only be utilized by Plaintiff and Defendants (collectively, the "Parties") in connection with the Litigation and in accordance with the terms and conditions of this Order.

The Parties shall have the right, in good faith, to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential.  Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance. Counsel for a producing party will review the information to be disclosed and designate the information it believes, in good faith, is confidential or otherwise entitled to protection.

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order.  At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information." Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice

of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information. Counsel for a deposed party will review the information to be disclosed and designate the information it believes, in good faith, is confidential or otherwise entitled to protection.

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as via the production of redacted copies. In the event such a dispute cannot be resolved by agreement, a Party may move the Court for modification of this Order.  The Confidential Information designation shall be maintained pending disposition of such a motion.

A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the

party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (a) Plaintiff and Defendants; (b) Plaintiff's and Defendants' attorneys; (c) experts or consultants retained by Plaintiff, Plaintiff's attorneys, Defendants, and Defendants' attorneys in preparation for and/or trial of this action. Before any Confidential Information is disclosed to an expert or consultant, the expert or consultant must first be provided with a copy of this Order and sign a statement in the form attached hereto as Exhibit A agreeing to the bound by the terms of this Order.

In the event any Party intends to file Confidential Information with the Court, it shall file the Confidential Information under seal pursuant to the requirements of Court for filing documents under seal.

This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. This provision does not limit the right of any of the Parties to submit any Confidential Information to the Court under seal as described above.

Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information Produced.

SO ORDERED.

Dated this 8th day of May, 2014

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ Kelly Roe* | *s/ Sean M. Ward* |
| Kelly Roe | Paul J. Lopach, #34441 |
| PO Box 1168 | Sean M. Ward, #41786 |
| Berthoud, CO 80513 | BRYAN CAVE LLP |
| kellylaw@yourwildlife.com | 1700 Lincoln Street, Suite 4100 |
| *Pro Se Plaintiff* | Denver, CO 80203-4541 |
| | (303) 861-7000 |
| | paul.lopach@bryancave.com |
| | sean.ward@bryancave.com |
| | Attorneys for Mortgage Electronic Registration Systems, Inc., Chase Bank USA, N.A., JPMorgan Chase Bank, N.A., and Federal Home Loan Mortgage Corporation |

# EXHIBIT A

The undersigned has read and understand the terms of the Protective Order effective in this case, *Roe v. Aegis Wholesale Corporation et al.*, Civil Action No. 13-cv-03040-KMT, which is currently pending in the United States District Court for the District of Colorado. The undersigned agrees (i) to abide by the terms of the Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the District of Colorado for resolution of any issues arising under the Protective/Confidentiality Order.

Dated: _____    Signed: _____

                                                         Printed: _____